Affirmed and Memorandum Opinion filed March 22, 2005









Affirmed and Memorandum Opinion filed March 22, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00396-CR

_______________

 

LAWRENCE LEALAND SENS, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_________________________________________________________

 

On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 02CR2021

_________________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Lawrence Lealand Sens, appeals from the revocation
of his community supervision.  In two
issues, appellant contends the trial court erred in sentencing him to serve the
five year term of imprisonment that was originally imposed upon his conviction
for burglary of a habitation.  We
affirm.  

Background








On October 15, 2002, appellant pled guilty to the offense of
burglary of a habitation.  Tex. Pen. Code Ann. ' 30.02(a) (Vernon 2003).  Punishment was assessed at five years= confinement, which was suspended,
conditioned on appellant=s compliance with the terms of community supervision.  The State subsequently filed a motion to
revoke community supervision, alleging thirteen violations of the imposed
conditions.  Appellant pled true to the
allegation that he failed to appear at his March and April 2003 probation
meetings, but pled not true to the remainder of the allegations.  

At the revocation hearing, the trial court found that
appellant violated the condition of his community supervision to which he pled
true and also found several other violations including (1) four separate
incidents of assault, (2) failure to support his dependents, and (3) failure to
pay restitution and fees.  The court
ordered appellant to serve the original five-year sentence imposed on his
burglary conviction.  

Discussion

In two issues, appellant challenges the trial court=s order requiring appellant serve the
original five-year sentence imposed for his burglary conviction.  Specifically, appellant contends (1) the State
failed to prove that his failure to pay fees, restitution, and child support
was intentional, and (2) the evidence is insufficient to support a finding of Atrue@ for three of the alleged incidents
of assault.  Therefore, appellant
contends the trial court erred by considering these alleged violations when
imposing the sentence.  








The record supports appellant=s contention that these alleged
violations of community supervision may have influenced the trial court=s decision to order appellant to
serve the original five-year sentence.[1]  Nonetheless, it is unnecessary for us to
consider whether there was sufficient evidence to support these alleged
violations.  The Texas Code of Criminal
Procedure provides that A[i]f community supervision is revoked . . ., the judge may
proceed to dispose of the case as if there had been no community supervision .
. . .@ 
Tex. Code Crim. Proc. Ann.
art. 42.12, ' 23(a) (Vernon Supp. 2004B05). 
Under this statute, once the trial court properly revoked appellant=s community supervision based on his
plea of true to one of the allegations, it was authorized to impose the
sentence originally assessed for appellant=s burglary conviction.  Because the trial court acted within its
statutory authority, there was no error. 


We overrule appellant=s two issues.  Accordingly, the judgment of the trial court
is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed March 22, 2005.

Panel consists of
Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  At the
sentencing hearing, the trial court stated to appellant, “After I placed you on
probation in October of 2002, it was only three months until you started the
physical abuse against [a female acquaintance] which this Court has found those
allegations to be true . . . .  I don’t
think considering the seriousness of the violations that I have found true make
[the] restitution center a viable option . . . .  The Court’s going to sentence you to five
years in the Institutional Division of the Texas Department of Criminal
Justice.”